The next case this morning is number 5 18 0 4 75 people versus Williams arguing for the appellant. Bobby Williams is James Wozniak, arguing for the Apple E. People of the state of Illinois is Max Miller. Each side will have up to 10 minutes for their argument. The appellant will also have five minutes for rebuttal. Please. Not only the clerk is permitted to record these proceedings. Thank you. Good morning, gentlemen. Are you all ready to proceed? Yes, Your Honor. Yes, Your Honor. I think Mr Wozniak go right ahead. Thank you, Your Honor. May it please the court Council. My name is James Wozniak of the appellant Defender's office, and I represent the appellant and petitioner in this matter, Bobby Williams. At age 19, Bobby Williams was legally an adult. Yet a science now tells us his mind was closer to that of a juvenile. His brain was still developing and maturing, and his brain may not have fully developed until his mid twenties. Yet, despite all of the growth that Bobby was about to achieve or still achieve, he was sentenced as an adult and sentence without proper consideration of his youthful characteristics and rehabilitative potential to life imprisonment, and thus the sentence was on constitutional as applied to him. Bobby properly raised his constitutional on constitutional sentence argument in a successive post conviction petition, but the circuit court denied him leave to file that successive post conviction petition. Therefore, Bobby urges this court to reverse the circuit court remain this matter for second stage post conviction proceedings with the appointment of counsel so that Bobby can further develop his constitutional claim. For Bobby to show that he should have been granted leave to file his post conviction successive post conviction petition, he needs to meet the cause and prejudice test. The state has conceded and the circuit court essentially conceded that Bobby met the cause prong of that test because Miller Harris House, the brain science that was developed and published, uh, did not Exist at the time when Bobby filed his post conviction petition in June of 2012, although not conceded by the state, Bobby has also met the prejudice prong of the cause and prejudice test as well. Bobby's life sentence was imposed on him in 2008 when he was 33 years old. It was imposed without consideration of his youthful characteristics or rehabilitative potential. Over the past several years, Illinois case laws developed to hold that life sentences of youthful offenders such as Bobby between the ages of 18 and into their early twenties can be unconstitutional as applied to a defendant and sentences of this, the sense of this nature, uh, or sentences of youthful offenders should consider their youthful characteristics and rehabilitative potential here. Bobby demonstrated in his successive post petition that he possessed both the rehabilitative potential and youthful characteristics, which were not considered by the sentencing court in 2008. The record does demonstrate the sentencing court did not properly consider his rehabilitative potential or youthful characteristics, nor could it have as developed in Miller and Harris and house and the brain science, because all of those cases had not been decided in 2008, nor the brain science had been developed or published in 2008 when Bobby was sentenced to life in prison. Bobby's petition laid out ample evidence about how the developing brain science shows that a person of age 19 when he committed this offense, he still had a brain that was maturing and was closer to a juvenile's brain rather than an adult. Is there any evidence other than his age that shows that he provided the in his petition the several treatises and scientific journals demonstrating that a person of his age has a developing brain all the way up into possibly the mid twenties. Uh, at this stage of the proceedings, what he needs to show is is well pleaded facts in his petition to show that, uh, he is someone that would fit that would have that developing brain that the brain that not fully matured in the science shows that that is the case for almost everyone. And that's what he is. He is put in his petition. He could further obviously under the prejudice tests, aren't we allowed to look at the other factors of the crime here to determine his guilt and severity of the crime? I think what's important at this stage of the proceedings, your honor, the is that did he present well pleaded facts and the appropriate facts in his petition to advance this to the next stage? Uh, you know, there seems to be a conflict, uh, in the case law about whether the eighth amendment in these, uh, I'm going to call them young adults. Do you believe that the House case precluded the eighth amendment from applying to as apply challenges? What? I leave that question open. I think that question is it is. I think it is open with the eighth amendment. Most of the cases that have decided and granted relief has done so under the proportionate penalties clause of the constitution. Several cases have said that the eighth amendment or through Miller that applying to juveniles under the age of 18 does not apply in, uh, these particular emerging adult or young offenders. But with changing morals of society or or developments in the law, I think it's still an open question whether or not the eighth amendment applies to people similar situated as Bobby. However, the proportionate penalties clause definitely applies. That's what the case law of Illinois does state. Well, the, uh, the house case was a facial challenge. Correct. The constitutional challenge under house was facial, not as blind under the eighth amendment. Correct. Your honor. Yes. So, um, this this particular appeal that you're raising now is an as applied challenge, right? Yes. Okay. So you are asking for relief under the eighth amendment as well as proportionate penalties clause. I think yes, I did put we've argued both eighth amendment and proportionate penalties clause. I think that the eighth amendment argument is more of a argument preservation. I do understand that many of the cases that are emerging adults and young offenders have found relief under the proportionate penalties clause and not the eighth amendment. I think that this court could grant relief and should grant relief under the proportionate penalties clause. Um, similar to many other cases out of, uh, other jurisdictions and appellate courts of the state. Thank you. Again, your honor is all Mr Williams. Bobby has to show at this stage of the proceedings is did he have sufficient facts in his successive post conviction petition to advance this to the next stage where he would get appointment of counsel at this juncture, the court shouldn't concern itself with the facts of the crime. I understand that the crime here was terrible. The record reflects that, but there's also nothing in the record that shows that bobby was irretrievably depraved, permanently incorrigible or irreparably corrupt. While again, that demonstrates that bobby is permanently beyond rehabilitation and those words irretrievable, permanent, irreparable, they all mean irreversible and thus if applicable to bobby would mean that the person he was on november 3rd 1994 is the exact same person that he was when he was sentenced in 2008 or the same person he is today. And the record indicates that that is not the case. The brain science tells us that is not the case. Bobby's post conviction petition and the supporting documents show that that is not the case. So at this stage the court should put aside the facts of the crime instead asked simply whether bobby's petition has made the appropriate factual pleading that his sentence was unconstitutional as applied to him. Bobby's petition has made that appropriate pleading. Thus this court to reverse the circuit court remain this matter for second stage post conviction proceedings and the appointment of counsel. Your honors. Are there any questions that could answer for me? Thank you. Thank you. Your honors. Obviously you'll have time for rebuttal. Mr Miller, are you prepared to proceed? Yes, your honor. Go right ahead. May it the court counsel. My name is max Miller and I represent the people of the state of Illinois. The defendant's motion for leave to file successive post conviction petition was properly denied where he failed to demonstrate the necessary prejudice. Review of the circuit court's dismissal is de novo review. A defendant may institute a second post conviction petition if he first obtains leave of court. But successive post conviction conviction petitions are highly disfavored. A defendant must first demonstrate both cause and prejudice. Um the cause and prejudice test is a more exacting standard than the just standard under which initial post conviction petitions are reviewed. It's the defendant's burden to establish a showing of cause and prejudice in order to be granted leave for further proceedings. The state agrees with the assessment of the trial court that the defendant has satisfied the cause element regarding reexamination of his sentence. But the defendant fails to goes back to Miller versus Alabama where the United States Supreme Court held that the eighth amendment to the United States Constitution forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders. More recently, the Illinois Supreme Court has held that Miller applies to discretionary life sentences without parole for juvenile defendants. However, our Supreme Court has declined to extend Miller to offenders who are 18 years of age or older, finding that the Miller confirmed that the age of 18 is the legal line separating adults from juveniles and the protections of Miller only apply to juvenile offenders. Now the issue raised by the defendant is almost identical to the circumstances brought before this court in people versus green, which the state believes is dispositive in green. This court held that the defendant received a 60 year sentence for first degree murder, which was well within the applicable discretionary sentencing range. Further in green, the parties did not dispute the defendant was 22 years old at the time of the offense and was therefore an adult. This court held that Miller did not apply to the defendant's sentence and that his sentence did not violate the eighth amendment. Uh, this court has previously found, um, in prior appeals that, uh, the defendant's sentence was proper. The defendant does not seem to contest that the sentencing court imposed a legally permissible judgment which regarded a crime the defendant committed when he was 19 and therefore an adult. So like in green, this court should hold that the sentence does not violate the eighth amendment. This court has also previously held that under the circumstances of this murder, the defendant has failed to demonstrate that his natural life sentence was either greatly at variance with the spirit of the purpose of the law or manifestly disproportionate to the nature of the offense. Uh, as in green, the defendant here similarly raises an issue concerning the proportionate penalties clause of the Illinois Constitution, which provides that all penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. Uh, the defendant in green relied on people versus house in which a 19 year old defendant received a mandatory life sentence. Now, the house court noted that a mandatory sentence does not afford a trial court any discretion if an offender is found guilty of triggering offenses and that that lack of discretion afforded the trial court for the imposition of a mandatory life sentence is especially relevant if the defendant is a young adult over 18 but still not considered a fully mature adult. The court therefore found that as applied to the defendant, the mandatory natural life sentencing statute violated the proportionate penalties clause. The matter was remanded for new sentencing hearings of the trial court could have the ability to consider relevant mitigating factors. But in green, unlike in house, the defendant was not convicted on a theory of accountability and his sentence was not mandatory. Rather, the defendant was convicted for directly participating in the murder and he received a discretionary 60 year sentence. Therefore, this court found that house did not apply. Uh, this court further found that a defendant set forth no legal authority supporting the assertion that a discretionary 60 year sentence violates the proportionate penalty clause when imposed on an adult who was convicted for directly participating in a murder. Mr Miller. Yes, Your Honor. Uh, in green, was that a direct appeal? Uh, so we'll let your honor. No, no, I believe green was an appeal from a successive post conviction petition as in this case. Okay. So in that case in green, they allowed the successive post conviction petition. Uh, the trial court denied it and it was an appeal from that denial. Excuse me. I'm sorry if I misspoke, Your Honor. Okay, because the reason I ask is you make you're making statements like we should make a finding that the sentence was, uh, not a violation of a, um, the Eighth Amendment or we should make a finding. Isn't our job or role in this case merely to determine whether or not leave should be granted to file this petition? Or are we supposed to be making findings? Uh, I believe simply the latter is true, Your Honor. I do not necessarily believe the courts were making findings, although, uh, this is entitled to de novo review. But, um, when this court heard, um, an appeal from a denial of successive post conviction petition in green, they did, in fact, make these findings. And so the state's just relying on that same reasoning as to why this did not violate the Eighth Amendment. Okay. And and in house and I recognize there's two house. What I'm trying to find out is are you referring to the house case where it was a facial challenge to the, um, the, uh, constitutional violation or wasn't an as applied challenge? Because people versus house, the Supreme Court case involves a asking Mr Wozniak was it seems like somehow our jurisprudence in some cases has now extrapolated that to as apply challenges. Other courts have not. There seems to be a split in Illinois based on my research anyway. Um, and I'm wondering what you think about this. Certainly all I would say to that, Your Honor, is that I do agree in my research for this case that, um, we have the position as espoused by the Fifth District and people versus green. And then the first district cases, there are a wealth of cases that disagree in their analysis entirely. Um, I'm not sure that the issue of whether it is as applied or, um, a constitutional challenge has been clearly, um, you know, marked are delineated by the court. But, um, I would agree. You do agree that house was a facial challenge and that we at least have one case green in the Fifth District that kind of extrapolates it out to the as applied. Certainly that that distinction does exist. Um, I don't agree that facial and as applied are pretty big. Yes, Your Honor. But I do think that in in green that, um, the facts and the law that were applied are identical to the case here, and that that that, um, is not inconsistent with with the state's argument that this court should rely on people for screen and their reasoning. Okay, thank you. Sure. Thank you, Your Honor. Um, ultimately, the court held in green. The defendant's 60 year sentence did not violate the proportionate proportionate penalties clause where the defendant was not a juvenile. At the time of the offense, he received a discretionary 60 year sentence. His conviction was based on his direct participation in the crime of first degree murder, not based on the theory of accountability, and that the trial court imposed the defendant's sentence after considering information from the PSI, an argument that concerned youth and rehabilitation. Here, the first three don't seem to be contested. Defendant was not a juvenile time. The events he received a discretionary life sentence. His conviction was based on a direct participation, a direct participation in the crime, not a and the state maintains that the trial court imposed the defense sentence after considering information from the PSI, an argument concerning his youth. But we agree that that is certainly the factor that the defendant would take issue with. But in support of that, the trial court during sentencing was aware of the defendant's PSI. That's in the record. Further, the defendant introduced many affidavits of family and friends. The defendant's sister's affidavit attested that her brother was a good, kind hearted person who had a detailed abuse. She and her Children received throughout the defendant's childhood. Um, his mother stated that she had warned the defendant he was heading for trouble and that he was naive. Um, the defendant's maternal aunt provided an affidavit talking about he was raised in a church and very respectable. And the defendant's own statements were I was a child when I could have gotten convicted. I was a child and I didn't understand anything, Your Honor. And then the state would maintain that from these statements in the record that it was certainly before the trial court, at least to consider youth and rehabilitation potential. And if there are no further questions, the state would respectfully request this court affirmed the decision of the trial court. Thank you, Counsel. Um, just as you having more questions for Mr Miller. No. All right, Mr Wozniak rebuttal. Thank you, Your Honors. As to the green case, as I stated in my reply brief, I cases factually, um, dissimilar from here is in green. Uh, the defendant was 22 where here Bobby was 19 at the age of, uh, it was age 19 at the time of the offense. Uh, also, I've cited the Daniels case, I believe, out of the first district, which is a 2000 and 20 case, uh, that speaks about, uh, the facts of house and says that there's nothing in house or Harris that says that the cases have to be factually similar to house that the defendant acted as accomplice rather than the principal, uh, to get or to seek this relief that as applied constitutional challenge of youth based youth based what Harris, the Supreme Court case in Harris was was asking for through a post conviction proceeding is to have a evidentiary hearing because at the sentencing hearing in Harris, there was, yes, a PSI and some information considered. But what Harris was concerned about was the Miller factors being applicable to that specific defendant. And that is what didn't occur at that sentencing hearing. And what the state argues here is that the sentence that Bobby received in 2000 and eight was not a variance, uh, or to the to the spirit of the law. But the spirit of the law and the law itself has changed since he was sentenced in 2000 and eight. Miller was decided in 2000 and 12 Harrison House and many of these other cases have been cited since then. And much of the brain science that Bobby relies on his petition and also was relied on in many of these cases was developed and published after he was sentenced in 2000 and eight. So the court in 2000 and eight couldn't even have considered all of these factors because the law itself had not been developed. And I think Justice Kate's to to your question. It's I think is correct. This court at this time doesn't need to determine whether or not Bobby's sentence is appropriate or not appropriate. He's filed leave to file a post conviction petition. He's all of this court should decide at this point is does he have well pleaded facts in that petition to advances constitutional claim that his sentence was on constitutional as applied to him to then move it to the second stage where he received the appointment of counsel and that fact finding could occur and the circuit court is going to be in the best position to then determine the those facts and those how those facts apply to the Miller provisions, his youthful characteristics and his rehabilitative potential and whether or not he is irreparably corrupt or or all of those, uh, um, factors that might determine whether or not Bobby's sentence is appropriate or not appropriate. And I think that's a decision best left for the circuit court. And so we'd ask this court again to grant relief by reversing the circuit court and allowing Bobby's post conviction petition to advance to the second stage so that he could be are there any questions or honors? No. Well, thank you, Counsel. We will take this matter under advisement and we will issue a disposition in due course. So thank you all very much.